IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> RACHEL AILEEN GOODBIRD, <br><br> Defendant. | CR 22-41-GF-BMM <br><br> **ORDER** |

Rachel Goodbird, Defendant in the above-entitled action, pleaded guilty to Count I of the Indictment, Involuntary Manslaughter, in violation of 18 U.S.C. §§ 1153(a) and 1112, on November 2, 2022. (Docs. 1 & 34.) Goodbird's sentencing date was set for March 23, 2023. (Doc. 35.) After the change of plea hearing and before the sentencing hearing, Goodbird, through her counsel, filed an unopposed motion for a psychiatric examination and report. (Doc. 36.) The Court granted Goodbird's motion and vacated all scheduled proceedings. (Doc. 37.) The Court scheduled Goodbird's competency hearing for June 6, 2023. (Docs. 40 & 42.)

The Forensic Evaluation Report was completed by Ryan Nybo, Psy.D and filed

1

on May 19, 2023. (Doc. 41.) In that report, Dr. Nybo diagnosed Goodbird based on the available information as unspecified schizophrenia spectrum and other psychotic disorder, severe methamphetamine use disorder, and severe alcohol use disorder. (*Id.* at 5.)

Dr. Nybo reported that Ms. Goodbird has no history of psychosis in her history and the psychotic episode she is currently experiencing surfaced only after she plead guilty to involuntary manslaughter, which is a rather atypical onset. Nevertheless, the stress and pressure associated with pleading guilty to such a charge could have caused a psychotic break and triggered the current psychotic episode. (*Id.*) Dr. Nybo observed that Ms. Goodbird presented with "grandiose and paranoid delusions, talked to herself, and exhibited disorganized thinking and behaviors." (*Id.*) Her mood was also unpredictable, and she was not cooperative throughout the evaluation. (*Id.*) Dr. Nybo therefore believes that Ms. Goodbird is not currently competent, but that competence restoration may be possible. (*Id.* at 7.)

A competency hearing was held on June 6, 2023. (Doc. 42.) The United States was represented by Assistant United States Attorney Paulette Stewart. Ms. Goodbird was represented by Hank Branom. At that hearing, counsel stipulated to the findings and recommendation of the Forensic Evaluation Report.

Based on counsel's stipulation and the contents of Dr. Ryan Nybo's evaluation, a preponderance of the evidence supports the conclusion that Ms. Rachel Goodbird is

presently suffering from a mental disease or defect rendering her mentally incompetent, such that she cannot understand the nature and consequences of the proceedings against him or properly assist in his defense.

Accordingly,

IT IS ORDERED that Ms. Goodbird is committed to the custody of the Attorney General for hospitalization and treatment at a suitable facility to determine if there is a substantial probability that in the foreseeable future she will attain the capacity to permit this case to go forward. 18 U.S.C. § 4241(d). Ms. Goodbird is hereby committed for this purpose for a reasonable time period, not to exceed four months.

IT IS FURTHER ORDERED that the Bureau of Prisons shall designate a facility within seven (7) days of this Order and make a bed available within thirty (30) days. The United States Marshal shall transport Ms. Goodbird to the designated facility within ten (10) days of being informed that a bed is available. The Attorney General or his representative at the facility to which Ms. Goodbird is committed shall promptly notify the Court of the determination made regarding the probability that Ms. Goodbird will regain capacity to proceed in the foreseeable future.

IT IS FURTHER ORDERED that once a facility is designated, the Clerk of Court is directed to provide the facility with a copy of this Order and the sealed

    DATED this 7th day of June, 2023.

_____

Brian Morris, Chief District Judge
United States District Court